IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BECALO UTUK | § | |
| v. | § | CIVIL ACTION NO. 9:06cv138 |
| | | (Crim. No. 9:04cr9) |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Becalo Utuk, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of her conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Utuk pleaded guilty to the offense of conspiracy to commit health care fraud, receiving a sentence of 46 months (later reduced to 32 months). In her Section 2255 motion, Utuk says that: she received ineffective assistance of counsel in that her attorney failed to inform her of the consequences of pleading guilty and misinformed her as to sentencing options; the Government breached the plea agreement by urging sentence enhancements not part of the plea agreement, and she was subjected to double jeopardy in that the State of Texas waited until after she was convicted to revoke her nurse's license.

The Magistrate Judge ordered the Government to answer the motion, and the Government argued that Utuk's claims were barred by the waiver-of-appeal provision in her plea agreement. Utuk filed a response to the answer, saying that her guilty plea was not knowing and voluntary, that she could not waive her right to challenge errors which had not yet occurred, that the appeal waivers are contrary to public policy, and that the Government breached the plea agreement.

1

After review of the pleadings and records, including the records of Utuk's plea proceeding and sentencing, the Magistrate Judge issued a Report on November 16, 2006, recommending that Utuk's Section 2255 motion be denied. The Magistrate Judge noted that contrary to Utuk's public policy argument, the Fifth Circuit has upheld the validity of appeal waivers. The Magistrate Judge further stated that Utuk had failed to meet the criteria for showing that she received ineffective assistance of counsel and that she did not show a breach of the plea agreement because the case upon which she relied for this point, U.S. v. Munoz, 408 F.3d 222 (5th Cir. 2005) is distinguishable.

Utuk filed objections to the Magistrate Judge's Report on December 8, 2006. In these objections, Utuk again argues that her plea of guilty and subsequent waiver of appeal rights were not knowing and voluntary because they were "induced by counsel's faulty legal advice." She also says that she could not waive the right to appeal errors which had not yet occurred and that the Government's statements regarding the pre-sentence investigation report were inconsistent with the plea agreement and therefore amounted to a breach, again citing Munoz.

Utuk's objections are without merit. As stated by the Magistrate Judge, Utuk did not meet the criteria for showing ineffective assistance of counsel; she has not shown how she was "induced" to plead guilty nor what faulty legal advice she received. Her testimony at the plea proceeding made clear that her decision to plead guilty was a knowing and voluntary one. Nor has Utuk shown that but for the alleged ineffectiveness, she would not have pleaded guilty, but would have insisted on going to trial.

Utuk's claim that she cannot waive the right to challenge errors which have not yet occurred would, if accepted, negate all waivers of appeal during the course of a plea proceeding, which necessarily takes place before an appeal. This argument is plainly untenable in light of the fact that the Fifth Circuit has upheld waivers of appeal.

Finally, Utuk again argues, based on Munoz, that the Government breached the plea agreement. In Munoz, the Government stipulated in the plea agreement to a guidelines calculation that did not include an enhancement for an abuse of trust, but then argued at sentencing that the

Defendant's actions constituted an abuse of trust. The petitioner argued, and the Fifth Circuit agreed, that the Government breached the agreement by affirmatively advocating for an enhancement not included in the plea agreement after stipulating to a guideline range.

As the Magistrate Judge pointed out, in Utuk's case, the plea agreement makes no stipulation as to a guidelines calculation, and Utuk was admonished during the guilty plea proceeding that the guideline range could not be determined until after the pre-sentence investigation report was completed. Consequently, the Magistrate Judge concluded there was no breach of the agreement as there was in Munoz. Utuk's objections simply reiterate the same claim she raised in her motion, and fail to show that the Magistrate Judge's conclusion on this point was in error.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion to vacate and attached memorandum, the answer filed by the Government, Utuk's response to the answer, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **14** day of **December, 2006.**

_____
Thad Heartfield
United States District Judge